UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
Dec. 7th                        2020
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

GRAND JURY N-19-2

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:20CR 243 (JCH)(RAR) |
| | |
| | VIOLATIONS: |
| v. | 18 U.S.C. § 2314 |
| | (Interstate Transportation of Property Taken by Fraud) |
| SAMUEL KLEIN | |
| | 18 U.S.C. § 1957 |
| | (Money Laundering) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Interstate Transportation of Property Taken by Fraud)

Background

1. At all times relevant to this Indictment, the defendant SAMUEL KLEIN ("KLEIN") was a resident of Greenwich, Connecticut.

2. KLEIN utilized and controlled several different entities, including Visual Group LLC, which was formed in the State of Connecticut.

3. KLEIN controlled bank accounts in the names of those entities to receive and utilize victim-investor funds, including an account at TD Bank held in the name of Visual Group LLC (with account number ending in 1476, hereinafter the "Visual Group Account").

4. "J.B.," identified herein by initials and whose full identity is known to the Grand Jury, invested money with KLEIN based on false and fraudulent representations, as described below.

Klein Engages in a Scheme to Defraud

5.     Beginning by at least in or about August 2018 and continuing to the present, in the District of Connecticut and elsewhere, KLEIN, knowingly and with intent to defraud, devised and executed a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, in that KLEIN induced victim-investor J.B. to provide over $250,000 to him, through an entity KLEIN controlled, through the making of materially false and fraudulent representations to J.B. concerning purported investments—including that J.B.'s invested funds would be utilized to invest in distressed debt—when, in fact and as KLEIN knew and intended, all of the investment funds would not be used for the stated purposes, and instead some of the investment funds would be utilized by KLEIN for personal and other expenditures.   KLEIN's fraud against J.B. is described more fully below.

6.     First, in or about August 2018, KLEIN initially offered J.B. a purported opportunity to invest with him in distressed debt, falsely telling J.B. that KLEIN would more than double the investment.   In order to fraudulently cause J.B.'s initial investment, KLEIN did the following:

   a.     On or about August 6, 2018, KLEIN caused J.B. (through an entity J.B. controlled) to write a check payable to Visual Group LLC, in the amount of $200,000, with memo line "CDO Deal," a notation which was added at KLEIN's direction, for the purpose of making the purported investment in distressed debt, and which check KLEIN caused to have transported from New York to Greenwich, Connecticut, as charged in Paragraph 8 below.

   b.     On or about August 6, 2018, KLEIN deposited and caused to be deposited the $200,000 check from J.B. to the Visual Group Account.

    c.    On or about August 8, 2018, KLEIN sent an email to J.B. attaching a signed document in which he confirmed J.B.'s investment of $200,000 "in the purchase and sale of mortgage note obligations that are secured by real estate in the state of Connecticut . . . ."

7.    It was further part of the scheme to defraud that after depositing J.B.'s $200,000, KLEIN solicited additional funds from J.B., falsely representing to J.B. that he needed to purchase title insurance that would cost an additional $50,000, but that J.B. would get a large return by September 24, 2018, when, in fact, KLEIN intended to use at least some of those funds for other purposes. More specifically:

    a.    On or about August 24, 2018 and August 25, 2018, KLEIN caused J.B. to provide him with $50,010 for the purported investment, some of which J.B. wired and caused to be wired to the Visual Group Account.

    b.    On or about August 29, 2018, KLEIN sent an email to J.B. in which he confirmed her investment of $50,010.00 "in the mortgage notes we are buying/trading."

<u>The Interstate Transportation of Property Taken by Fraud</u>

8.    On or about August 6, 2018, in the District of Connecticut and elsewhere, the defendant SAMUEL KLEIN knowingly caused to be transported, transmitted and transferred in interstate commerce a security having a value of more than $5,000, knowing the same to have been taken by fraud, that is, a check from victim-investor J.B. and payable to Visual Group LLC which KLEIN caused to be transported from New York to Greenwich, Connecticut by means of an Uber hired car.

All in violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT TWO
## (Money Laundering)

9. Paragraphs 1 through 8 are incorporated by reference.

10. On or about August 13, 2018, in the District of Connecticut and elsewhere, the defendant SAMUEL KLEIN did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000, which involved a financial institution which is engaged in, and the activities of which affect, interstate commerce, such property having been derived from specified unlawful activity, that is interstate transportation of property taken by fraud in violation of Title 18, United States Code, Section 2314, to wit, KLEIN caused the withdrawal of $15,000 from the Visual Group Account, which funds were derived from KLEIN's fraud against J.B. and were given by KLEIN to another individual.

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION
(Forfeiture Related to Transportation of Property Taken by Fraud)

11. Upon conviction of the count of interstate transportation of property taken by fraud as alleged in Count One of this Indictment, the defendant SAMUEL KLEIN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 2314, including but not limited to the following:

Money Judgment:

A sum of money equal to the total amount of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 2314.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1), as incorporated by Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853; and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

_____
LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

_____
JENNIFER R. LARAIA
ASSISTANT UNITED STATES ATTORNEY