## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : No. 3:20-cr-00243-JCH |
| | : |
| v. | : |
| | : |
| SAMUEL KLEIN, | : |
| | : |
| Defendant. | : February 22, 2021 |

### DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Samuel Klein, through the undersigned counsel, hereby moves pursuant to Fed. R. Crim. P. 47 and 18 U.S.C. § 3142(c)(3) for an order modifying the Order Setting Conditions of Release, docketed on December 8, 2020 (ECF No. 6) ("Conditions of Release"), as follows:  (i) to remove the condition of home detention and replace it with a curfew, such that Mr. Klein would be restricted to his residence from 9:00 pm to 7:00 am (ECF No. 6, ¶ 7(p)); and (ii) to amend the travel restrictions in order to permit same-day travel outside of Connecticut with the advance permission of the U.S. Probation Office (*id.* ¶ 7(f)).  The U.S. Probation Office and government do not object to this motion.  A proposed order is attached.

As grounds for this motion, Mr. Klein respectfully submits the following:

1. On December 8, 2020, Mr. Klein appeared before United States Magistrate Judge Holly B. Fitzsimmons for initial presentment and arraignment.  Mr. Klein pled not guilty to the charges in the Indictment for violations of 18 U.S.C. §§ 2314 and 1957.  Jury selection for trial is currently scheduled to begin on November 1, 2021.

2. Mr. Klein was released pending trial on a surety bond and subject to the Conditions of Release.

3. Pursuant to the Conditions of Release, Mr. Klein is not to leave the United States, and his travel is limited to the State of Connecticut.  (ECF No. 6 ¶ 7(f).)  Additionally, Mr. Klein

is subject to home detention, which restricts him to his Connecticut residence "at all times except for medical; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer." (*Id.* ¶ 7(p)(ii).) The U.S. Probation Office has advised that pursuant to this provision, *all* activities outside of Mr. Klein's residence, including medical appointments, must be approved in advance by the U.S. Probation Office. Mr. Klein is also subject to location monitoring, as directed by the U.S. Probation Office, and currently wears an electronic bracelet location-tracking device. (*Id.* ¶ 7(q).)

    4.    In the more than two months since his release pending trial, Mr. Klein has fully complied with all Conditions of Release.

    a.  Mr. Klein has surrendered his United States and Polish passports.

    b.  Mr. Klein has complied with all home detention restrictions, which include requesting and obtaining permission from his U.S. Probation Officer prior to leaving his residence for any approved reason, including medical appointments and essential activities like grocery shopping.

    c.  Mr. Klein has abided by all supervision requirements during his pre-approved out-of-state travel. With the Court's permission, Mr. Klein has traveled to Wyoming five times for work. (*See* ECF Nos. 18, 21, 31, 34 & 38.)

    5.    Because of the Conditions of Release, Mr. Klein is unable to, among other things, visit his mother without leave of the Court. Mr. Klein's mother, who is elderly and suffers from Alzheimer's disease, lives in an assisted-care facility in Armonk, New York. Given her health and COVID-related restrictions, it is impossible for her to travel to Connecticut and return to the assisted-care facility. Moreover, due to the pandemic, the assisted-care facility restricts the

number of visitors, and schedules visitation appointments on short notice.  For example, on February 11, 2021, upon learning that he had secured a visitation appointment for February 15, 2021, Mr. Klein filed a Motion for Travel to New York seeking leave of the Court to visit his mother.  (ECF No. 39.)  Because of the late notice to Mr. Klein and the timing of the filing, the motion was not granted in time for Mr. Klein's scheduled visit to see his mother.

6. Pursuant to the Bail Reform Act of 1984, the release of a person facing trial must be under the "least restrictive" combination of conditions that will reasonably assure the appearance of the person and the safety of the community.  18 U.S.C. § 3142(c)(1)(B).  When determining if the conditions of pre-trial release are the "least restrictive," the court should compare those conditions against the interests the government seeks to protect.  *United States v. Salerno*, 481 U.S. 739, 754 (1987).  The court has broad discretion to amend the conditions of pre-trial release.  *See* 18 U.S.C. § 3142(c)(3).

7. Mr. Klein respectfully submits that some of the Conditions of Release are onerous and unnecessary.  Specifically, the home detention and travel restrictions are not necessary to ensure his appearance or to protect the community.  As evidenced by his conduct over the last two months, Mr. Klein does not pose a risk of flight, and the Court has imposed sufficient other conditions that will ensure his appearance in this case, including the surrender of his passports and location monitoring.  Mr. Klein does not pose any danger to the community.

8. The Conditions of Release have not only placed undue restrictions on Mr. Klein's day-to-day existence thereby straining his personal relationships and emotional and physical well-being, but they have also created undue burden for the U.S. Probation Office in processing Mr. Klein's routine requests.

9. Modifying the Conditions of Release to remove home detention and include a reasonable curfew would enable Mr. Klein to undertake essential daily activities (*i.e.*, grocery shopping, exercising outdoors, and doctor's visits) without having to seek the advanced permission of the Court or Probation. In addition, permitting same-day travel outside of Connecticut with the permission of Probation would allow Mr. Klein to, among other things, visit his mother in New York without filing a motion with the Court. Mr. Klein respectfully submits that such modifications are appropriate at this time.

10. Counsel for the Government, Assistant U.S. Attorney Jennifer Laraia, and U.S. Probation Officer Michael Jones have no objection to this motion.

11. Based on the foregoing, Mr. Klein respectfully requests that the Court enter an order modifying the Conditions of Release by: (i) removing the condition of home detention and replacing it with a curfew, such that Mr. Klein would be restricted to his residence from 9:00 pm to 7:00 am; and (ii) revising the travel conditions in order to permit same-day travel outside of Connecticut with the advance permission of the U.S. Probation Office. A proposed order is attached.

DEFENDANT, SAMUEL KLEIN

By: */s/ Stanley A. Twardy, Jr.*
Stanley A. Twardy, Jr. (ct05096)
Day Pitney LLP
One Stamford Plaza, 7th Floor
263 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 977-7300
Fax: (866) 458-1037
satwardy@daypitney.com

- 5 -

        Sara J. van Vliet (ct30690)
        Day Pitney LLP
        242 Trumbull Street
        Hartford, CT 06103
        Tel: (860) 275-0100
        Fax: (860) 275-0343
        svanvliet@daypitney.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

        */s/ Stanley A. Twardy, Jr.*
        Stanley A. Twardy, Jr. (ct05096)

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:20-cr-00243-JCH |
| | : | |
| v. | : | |
| | : | |
| SAMUEL KLEIN, | : | |
| | : | |
| Defendant. | : | _____, 2021 |

## ORDER

AND NOW, this \_\_\_\_\_ day of _____ 2021, upon consideration of Defendant's Motion to Modify Conditions of Release, it is hereby

## ORDERED

that said motion is **GRANTED**.

Accordingly, the Order Setting Conditions Of Release (ECF No. 6) is modified as follows: (i) the condition of home detention is removed and replaced with a curfew limiting Mr. Klein to his residence from 9:00 pm to 7:00 am; and (ii) the travel restrictions are amended to permit same-day travel outside of Connecticut with the advance permission of the U.S. Probation Office.

**BY THE COURT:**

_____
**HON. JANET C. HALL**
**United States District Judge**