

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*    *(203)821-3700*
*157 Church Street, 25th Floor*    *Fax (203) 773-5376*
*New Haven, Connecticut 06510*    *www.justice.gov/usao/ct*

August 30, 2021

Stanley A. Twardy, Jr., Esq.
One Stamford Plaza, 7th Floor
263 Tresser Boulevard
Stamford, CT 06901

    **Re:**    ***United States v. Samuel Klein*, 3:20CR243 (JCH)**

Dear Attorney Twardy:

    This letter confirms the plea agreement between your client, Samuel Klein (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## **THE PLEA AND OFFENSE**

    In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Counts One and Two of the Indictment charging him with violations of 18 U.S.C. § 2314 and 18 U.S.C. § 1957.

    The defendant understands that, to be guilty of the offense charged in Count One, the following essential elements must be satisfied:

1. That goods, wares, merchandise, securities, or money were stolen, converted, or taken by fraud;

2. That the defendant transported, transmitted, or transferred the property in interstate or foreign commerce;

3. That at the time of the transportation or transmission, the defendant knew the property was stolen, converted, or taken by fraud; and

4. Fourth, that the value of the property was at least $5,000.

The defendant understands that, to be guilty of the offense charged in Count Two, the following essential elements must be satisfied:

1. The defendant engaged (or attempted to engage) in a monetary transaction in or affecting interstate commerce;

2. The monetary transaction involved criminally derived property of a value greater than $10,000;

3. The property was derived from specified unlawful activity;

4. The defendant acted knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense; and

5. That the transaction took place in the United States.

## THE PENALTIES

### Imprisonment

Count One and Two each carries a maximum penalty of 10 years of imprisonment.

### Supervised Release

In addition, for each offense, the Court may impose a term of supervised release of not more than 3 years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

Count One and Two each carries a maximum fine of $250,000. For Count Two, the statute also provides that the court may impose an alternate fine of not more than twice the amount of criminally derived property involved in the transaction. For both offenses, the defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $200. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of $1,497,797.52 to victim-investors in accord with the chart set forth in the stipulation of offense conduct. The defendant agrees to make such restitution as ordered by the Court.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

### Forfeiture

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty

plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government

and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The two counts are grouped together under U.S.S.G. § 3D1.2. The aggregate loss amount is used to determine which Guideline produces the highest offense level of the two offenses.

For Count One, the base offense level is 6 pursuant to U.S.S.G. § 2B1.1(a)(2). That level is increased by 14 under U.S.S.G. § 2B1.1(b)(1)(H) because the parties agree that the loss is between $550,000 and $1,500,000. The Government submits that two levels are added under U.S.S.G. § 2B1.1(b)(2)(A)(iii) because the offense resulted in substantial financial hardship to one or more victims. In addition, the Government submits that two additional levels are added under U.S.S.G. § 2B1.1(b)(10)(C) because the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. The resulting level would be 24. The defendant reserves the right to argue that the enhancements under sections 2B1.1(b)(2)(A)(iii) and 2B1.1(b)(10)(C) are inapplicable. If those enhancements were determined by the Court not to apply, the resulting level would be 20.

For Count Two, the base offense level under U.S.S.G. § 2S1.1(a)(1) is 24 based upon the Government's computations, which are discussed above. Consistent with the above, the defendant reserves the right to argue that the base offense level is 20. One level is added pursuant to U.S.S.G. § 2S1.1(b)(2)(A) because the offense of conviction is 18 U.S.C. § 1957. The resulting level is 25 using the Government's computations; the defendant reserves the right to argue that the resulting level is 21. Because the application of section 2S1.1 results in the highest adjusted offense level, this level is utilized.

Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 22 based upon the Government's computations. Consistent with the above, the defendant reserves the right to argue that the total offense level is instead 18.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 22, assuming a Criminal History Category I, would result in a range of 41 to 51 months of imprisonment (sentencing table) and a fine range of $15,000 to $150,000, U.S.S.G. § 5E1.2(c)(3). If, alternatively, the Court determined the total offense level to be 18, assuming a Criminal History Category I, the resulting range would be 27 to 33 months of

imprisonment and a fine range of $10,000 to $100,000. The defendant is also subject to a supervised release term of 1 to 3 years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Proceed In Person Due to COVID-19 Public Health Emergency

The defendant understands that he has a right to be physically present in a public courtroom for a guilty plea hearing. In light of the ongoing COVID-19 health emergency, however, the defendant knowingly and voluntarily waives his right to be physically present in the courtroom for the purpose of entering a plea and consents to proceed by video teleconference (or by means of audio teleconferencing if video teleconferencing is not reasonably available). The defendant further expressly stipulates that he has consulted with his counsel regarding the above waiver and consent and wishes to proceed by means of video teleconferencing (or by means of audio teleconferencing if video conferencing is not reasonably available). The parties agree that in light of the nature of this prosecution and the interests of the defendant and the public, this proceeding cannot be further delayed without serious harm to the interests of justice.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 51 months of imprisonment, a 3-year term of supervised release, $200 in special assessments, and a $150,000 fine, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats,

force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in a scheme to defraud multiple investor-victims from approximately July 2016 to approximately June 2019, including J.B., A.T., P.D., J.R., and P.L., whose full identities are known to the parties, which forms the basis of the Indictment and the stipulation of offense conduct in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY


_____
JENNIFER R. LARAIA
ASSISTANT UNITED STATES ATTORNEY

DAVID HUANG
Digitally signed by DAVID HUANG
Date: 2021.08.30 10:27:22 -04'00'
_____
DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____     ___8/30/21___
SAMUEL KLEIN                              Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____     ___8/30/21___
STANLEY A. TWARDY, JR., ESQ.              Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Counts One and Two of the Indictment:

1. At all relevant times, the defendant, Samuel Klein ("Klein") was a resident of Greenwich, Connecticut, and utilized and controlled several different entities, including Visual Group LLC, O.S. Management, LLC, KF Pecksland LLC, Four Pines Holdings, LLC, and Payton Lane NH, Inc. Klein also utilized and controlled bank accounts in the names of those entities.

2. In or around August 2018, Klein offered victim-investor J.B. a purported investment opportunity by falsely telling J.B. that Klein would invest J.B.'s money in distressed debt that would result in a particular rate of return, when in truth and in fact, Klein knew that he would use, and did use, J.B.'s investment on unauthorized personal and other expenditures.

3. On or about August 6, 2018, in the District of Connecticut and elsewhere, Klein knowingly caused to be transported, transmitted, and transferred in interstate commerce a check in the amount of $200,000 from victim-investor J.B. and payable to Visual Group LLC that Klein caused to be transported from New York to Greenwich, Connecticut by means of an Uber hired car, knowing at the time that the $200,000 check had been taken by fraud. Klein caused the $200,000 check to be deposited to an account at TD Bank which was held in the name of Visual Group LLC ("Visual Group Account").

4. Klein provided J.B. with confirmation of J.B.'s $200,000 investment. In late August 2018, Klein solicited additional funds from J.B., falsely representing that the funds were to be used in connection with J.B.'s original investment. In fact, as Klein knew and intended, those funds were not used for the purpose represented to J.B., notwithstanding the fact that Klein again provided false confirmation to J.B.

5. In addition, from approximately July 2016 through at least June 2019, Klein made materially false statements and representations to three additional victim-investors, A.T., P.D., and P.L., including that their funds would be invested in real estate, developing a business, invested for a positive rate or return, and/or utilized for particular investments/ventures with specific rates of return, when in fact, as Klein then knew and intended, all of these funds would not be used for the stated purposes and would instead be used for other purposes, including Klein's personal expenditures.

6. On or about August 13, 2018, in Connecticut, having obtained J.B.'s $200,000 by fraud, in violation of 18 U.S.C. § 2314, Klein utilized some of those funds, which

were derived from that violation, to pay back $15,000 to investor A.T. Specifically, Klein caused the withdrawal of $15,000 from the Visual Group Account, which funds were derived from the fraud against J.B., and caused those funds to be deposited to an account for the benefit of A.T.

7. The loss which was reasonably foreseeable to Klein from the offenses and relevant conduct is broken out by victim, whose full identities are known to the Court and the parties, as follows:

| | |
|---|---|
| J.B. | $250,010 |
| A.T. | $191,511.11 |
| P.D. | $781,276.41[1] |
| P.L. | $275,000 |
| **Total** | **$1,497,797.52** |

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
SAMUEL KLEIN
The Defendant

_____
STANLEY A. TWARDY, ESQ.
Attorney for the Defendant

_____
JENNIFER R. LARAIA
ASSISTANT UNITED STATES ATTORNEY

DAVID HUANG
Digitally signed by DAVID HUANG
Date: 2021.08.30 10:27:03 -04'00'
_____
DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNE

---

[1] The parties agree that this loss figure credits the defendant for 1/3 (or $167,610.60) of the credit card charges paid for with P.D.'s funds, to account for any credit card charges that may have been used for business-related expenses. The $781,276.41 also includes loss resulting from a $25,000 investment by another individual, J.R, into a business that P.D. and the defendant were operating; the parties agree that a small portion of the $781,276.41 will be allocated to J.R. for restitution purposes.

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

       The greater of -
       (I) the value of the property on the date of the damage, loss, or destruction; or

       (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court

Stanley A. Twardy, Jr., Esq.
August 30, 2021
Page 14 of 14

may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.