UNITED STATES DISTRICT COURT
District of Connecticut
**JUDGMENT IN A CRIMINAL CASE**

| UNITED STATES OF AMERICA | Case Number: **3:20-CR-00243-JCH(1)** |
|---|---|
| | USM Number: 21165-509 |
| v. | |
| **SAMUEL KLEIN** | **Jennifer Laraia** |
| | Assistant United States Attorney |
| | **Stanley A. Twardy Jr.** |
| | Defendant's Attorney |

The Defendant pled guilty to Counts 1 and 2 of the Indictment.
Accordingly, the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Counts |
|---|---|---|---|
| Title 18, United States Code, §§2314 | Interstate Transportation of Property Taken by Fraud | June 2019 | <u>1</u> |
| Title 18, United States Code, §§1957 | Money Laundering | June 2019 | <u>2</u> |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.  The sentence imposed is a variance sentence based upon the nature and circumstances of the offense, including the seriousness of the offense, the impact on victims, and the defendant's conduct on pretrial release, including continuing to spend money without any payment to victims and false claims about his ability to access money, balanced against the defendant's history and characteristics, including a traumatic childhood and his earlier successes in business.  The sentence is sufficient, but not longer than necessary to accomplish the purposes of sentencing.

**IMPRISONMENT**
The Defendant is ordered committed to the custody of the Federal Bureau of Prisons for a period of 36 months on count one; 36 months on count two, terms to run concurrent.

**SUPERVISED RELEASE**
Upon release from imprisonment, the Defendant shall be on Supervised Release for a total term of 3 years on Counts 1 and 2, terms to run concurrent.
The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

(1) The defendant shall not incur new credit card charges above $5,000 or open additional lines of credit without the prior permission of the Probation Office.  The defendant shall not add any new names to any lines of credit and shall not be added as a secondary card holder on another's line of credit.
(2) The defendant shall provide the Probation Office access to any requested financial information and authorize the release of any financial information.  The Probation Office may share financial information with the U.S. Attorney's Office.
(3) Restitution is ordered in the total amount of $1,497,797.52, payable to the victims identified in the PSR, and pursuant to the Order of Restitution to issue. Restitution is payable in monthly installments, subject to the determination of any assets that may be available for lump sum payments.  Restitution shall be paid at a rate of no less than $1,000 per month, or 10% of the defendant's gross income per month, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the court. Restitution Order will issue

(4) The defendant shall participate in a program recommended by the Probation Office and approved by the court for outpatient mental health treatment. Any USPO recommendation for inpatient treatment will be subject to approval by the court. The defendant shall follow all rules and regulations of the program. The Probation Office in consultation with the treatment provider shall supervise the defendant's participation in the program. The defendant shall pay all or a portion of the costs associated with treatment based on the defendant's ability to pay as determined by the Probation Office and approved by the court.

**CRIMINAL MONETARY PENALTIES**

The Defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | | |
|---|---|---|
| **Special Assessment:** | $200.00 | $100 on each of Counts 1 and 2, to be paid immediately. |
| **Fine:** | Waived | |
| **Restitution:** | $1,497,797.52 | Restitution is ordered in the total amount of $1,497,797.52, payable to the victims identified in the PSR, and pursuant to the Order of Restitution to issue. Restitution is payable in monthly installments, subject to the determination of any assets that may be available for lump sum payments. Restitution shall be paid at a rate of no less than $1,000 per month, or 10% of the defendant's gross income per month, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the court. Restitution Order will issue |

It is further ordered that the Defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**

The Court makes the following recommendations to the Bureau of Prisons:

The court strongly recommends the defendant be designated to the Otisville facility and that he be afforded mental health treatment.

Date of Imposition of Sentence: **May 3, 2022**

/s/ Janet C. Hall
_____
Janet C. Hall, United States District Judge

Date: **5/4/2022**

## CONDITIONS OF SUPERVISION

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You shall not commit another federal, state or local crime.

(2) You shall not unlawfully possess a controlled substance.

(3) You shall refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the Bureau of Prisons or probation officer. *(check if applicable)*

(6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
              Defendant                                                                           Date

_____        _____
U.S. Probation Officer/Designated Witness                                        Date


**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
    Deputy Clerk


**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                                 Lawrence Bobnick
                                                         Acting United States Marshal

                                By _____
                                               Deputy Marshal